UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NEHEMIAH ROLLE,

    Plaintiff,

vs.

MELINDA COOPER,

    Defendants.

Civil Action No. 1:20-cv-735
Cole, J.
Bowman, M.J

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Defendant's motion to dismiss for lack of jurisdiction (Doc. 4) and Plaintiff's cross motion to strike Defendant's motion to Dismiss. (Doc. 7). Also before the Court are Plaintiff's motion for random selection of federal judges (Doc. 3) and a motion to compel (Doc. 9).

Plaintiff Nehemiah Rolle, Jr., filed this pro se Complaint against Defendant Melinda Cooper, Administrator for the Fifth District Court of Appeals for Ohio, in her personal and official capacity. (Doc. 1, PageID# 3). Plaintiff's claims appear to center around two traffic cases (Case Nos. 2019-TRD-3122 and 2019-TRD-312) decided by the Morrow County Municipal Court and his subsequent attempted appeals of those decisions in the Fifth District Court of Appeals (Case Nos. 2019-CA-04, 2019-CA-06, and 2019-CA-08). (Id. at PageID# 7, 11). He alleges that, from August 20, 2019, the date of filing his "Notice of Appeal" in 2019-CA-04, through August 19, 2020, Defendant Melinda Cooper "willfully and intentionally and criminally aiding and abetting . . . acts of obstructing justice and concealing legal court papers of Plaintiff and stealing and failing to file those legal court interlocutory appeal papers" with the Fifth District Court of Appeals. (Id. at PageID# 3).

Plaintiff also contends that Defendant partook in the filing of false and fraudulent papers, did "not provid[e] the Plaintiff with copies of the official court record and copies of the official Court filed pleadings," and failed to apply his filing fee for such. (Id. at PageID# 4). Additionally, Plaintiff appears to allege a conspiracy between the Defendant and non-parties Morrow County Municipal Court Judge Jenifer Murphy Burnaugh and Morrow County Municipal Court Clerk Amy Braddock. He complains that their actions regarding his cases were "out of revenge" and "white supremacy racism." (Id. at PageID # 5). In conjunction with these allegations, Plaintiff indicates that he is a "Black American Citizen" and asserts—but does not support— allegations of racial discrimination against the Defendant, who he calls a "white supremacy state official." (Id. at PageID# 4). In light of the foregoing, Plaintiff seeks redress against Defendant for alleged violations to his rights under the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Fourteenth Amendments to the Constitution.

On September 20, 2020, Defendant filed a motion to dismiss Plaintiff's complaint for lack of jurisdiction. (Doc. 4). Notably, Defendant contends that Plaintiff's Complaint should be dismissed for the following reasons: (1) Defendant is entitled to absolute quasi-judicial immunity; (2) Plaintiff fails to meet the most basic pleading standards and state a claim upon which relief can be granted under either 42 U.S.C. § 1983 or §1985; (3) Eleventh Amendment Immunity shields the Defendant against any claims against her in her official capacity, while qualified immunity protects her from any claims for damages in her individual or personal capacity; and (4) Plaintiff is not entitled to any award for attorney's fees under 42 U.S.C. § 1988.

Plaintiff did not timely respond to the motion and was Ordered to show cause, in writing, by November 30, 2020 why Defendant's motion should not be construed as unopposed and granted for the reasons stated therein. (Doc. 6). Thereafter, on December 4, 2020, Plaintiff filed a motion to strike Defendant's Motion to dismiss and to allow Plaintiff to proceed to trial. (Doc. 7). Upon careful review, the undesigned finds that Defendant's motion to dismiss is well-taken and this matter should be dismissed pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff's motion to strike Defendant's motion to dismiss wholly lacks merit. Plaintiff appears to argue, *inter alia*, that Defendant's motion to dismiss should be stricken because Defendant's counsel did not file an affidavit in support of the motion. As noted by Defendant, there is no such requirement outlined in the Rules of Civil Procedure. Plaintiff provides no other basis for the motion to be stricken. More importantly, Plaintiff has not complied with the Court's Show cause Order. Namely, Plaintiff fails to provide any reason why Defendant's motion should not be construed as unopposed and granted for the reasons stated therein. (See Doc. 6). Plaintiff's motion to strike does not address or dispute the merits of Defendant's Motion to Dismiss. Having reviewed Defendant's motion, the undersigned finds the motion is well-taken for the reasons stated therein and that Plaintiff's complaint fails to state a claim upon which relief may be granted.

In light of the foregoing, it is therefore **RECOMMENDED** that Defendant's motion to dismiss (Doc. 4) be **GRANTED,** all pending motions (Docs. 3, 7, 9) be **DENIED as MOOT** and this **matter CLOSED.** It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order

adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis.* Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

NEHEMIAH ROLLE,

    Plaintiff,

vs.

MELINDA COOPER,

    Defendant.

Civil Action No. 1:20-cv-735
Cole, J.
Bowman, M.J

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).