UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NEHEMIAH ROLLE, JR.,

    Plaintiff,

    v.

MELINDA COOPER,

    Defendant.

Case No. 1:20-cv-735
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

ORDER

This cause comes before the Court on the Magistrate Judge's June 24, 2021, Report and Recommendation ("R&R") (Doc. 12) that the Court: (1) **GRANT** Cooper's Motion to Dismiss (Doc. 4), thereby **DISMISSING** Rolle's Complaint (Doc. 1); (2) **DENY** Rolle's Motion to Strike the Motion to Dismiss (Doc. 7); (3) **DENY** Rolle's Motion for Random Selection of Judges (Doc. 3); (4) **DENY** Rolle's Motion to Compel (Doc. 9); and (5) **CERTIFY** pursuant to 28 U.S.C. § 1915(a) that any appeal of this Order would not be taken in good faith. For the reasons briefly discussed below, and especially given Rolle's failure to file any objections to the R&R, the Court **ADOPTS** the R&R.

Though the Complaint is not a model of clarity, Rolle appears to assert claims under 42 U.S.C. §§ 1983, 1985, and 1988 against Cooper, who is the Administrator for the Ohio Fifth District Court of Appeals, in both her official and personal capacities. These claims are based on Rolle's allegations that Cooper mishandled Rolle's appeal of two traffic-related convictions, coupled with Rolle's unsupported allegations that Cooper's actions in that regard arose from racial animus. Based on

these allegations, Rolle seeks $200 million in compensatory damages (*see* Doc. 1 at #9 (seeking $100 million for "grand larceny" and $100 million for "willfully [sic] acts of slander and defamation")), and an additional $25 million in punitive damages (*see id*. at #11).

Cooper moved to dismiss. She argued that the official capacity claim under § 1983 fails as a matter of law because Cooper, as a court administrator acting in the course of her official duties (which she claimed includes the conduct at issue here), has quasi-judicial immunity, and that, in any event, the Eleventh Amendment bars the official-capacity claims (as those claims are claims against the State). Separately, Cooper argued that the personal-capacity claims fail on qualified immunity grounds. Cooper further argued that Rolle fails to state a claim upon which relief can be granted under §1985 and is not entitled to any award for attorney's fees under 42 U.S.C. § 1988.

Rolle never filed an opposition to Cooper's motion to dismiss, even after being warned of the consequences of failing to do so. (*See* Order to Show Cause, Doc. 6). Instead, Rolle moved to strike the motion to dismiss. (*See* Doc. 7). The basis for his motion to strike was Rolle's assertion that the motion to dismiss was defective as it did not include an affidavit from Cooper's counsel supporting the motion. (As the Magistrate Judge correctly noted, the Federal Rules of Civil Procedure impose no such requirement.) Beyond that, Rolle did "not address or dispute the merits of Defendant's Motion to Dismiss." (R&R, Doc. 12, #68). In light of Rolle's failure to oppose the motion to dismiss, and the waiver that resulted from that failure, the

2

Magistrate Judge recommended granting the motion (Doc. 4). (*Id*.). And, given that dismissal, the Magistrate Judge also recommended denying Rolle's motion to strike and other outstanding motions (collectively Docs. 3, 7, and 9) as **MOOT**. (*Id*.). Finally, the Magistrate Judge recommended certifying that any appeal from an order affirming the R&R would not be taken in good faith. (*Id*. at #68–69).

The R&R specifically advised the parties that failing to object within the 14 days specified in the R&R may result in forfeiture of rights on appeal, which includes the right to District Court review. (*See id*. at #70). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R & R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). The time for filing objections has passed and, much as was the case with Cooper's motion to dismiss, Rolle has not filed any objections to the R&R.

Therefore, the Court **ADOPTS** the Report and Recommendation (Doc. 12). More specifically, the Court **GRANTS** Cooper's Motion to Dismiss (Doc. 4), and **DENIES** Rolle's Motion to Strike (Doc. 7), his Motion to Compel (Doc. 9), and his Motion for Random Selection of Federal Judges (Doc. 3), as **MOOT**. The Court thus **DISMISSES** this action in its entirety. Moreover, this Court concurs with the Magistrate Judge that any appeal of this Order would be objectively frivolous and not taken in good faith, *see* 28 U.S.C. § 1915, and thus this Court **DENIES** Rolle leave to appeal in forma pauperis, but in doing so notes that Rolle remains free to seek leave

from the Sixth Circuit to proceed in forma pauperis, should he desire. Finally, the Court **DIRECTS** the Clerk to enter judgment accordingly.

**SO ORDERED.**

July 26, 2021
**DATE**

DOUGLAS R. COLE
**UNITED STATES DISTRICT JUDGE**

4